IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Louis A. Dorff, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-4000-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Sonia E. Turner and Taylor-Marie | ) | |
| Turner, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Louis A. Dorff, Jr. ("Plaintiff") filed this action against Defendants Sonia E. Turner ("Sonia") and Taylor-Marie Turner ("Taylor-Marie") (collectively, "Defendants") alleging claims under South Carolina and Florida law. (ECF No. 1.) On January 28, 2026, Sonia, who is represented by counsel, filed a motion for summary judgment. (ECF No. 68.) The next day, Taylor-Marie, who is proceeding *pro se*, filed a "motion to join and adopt" Sonia's motion. (ECF No. 73.) The matter was referred to a United States Magistrate Judge for preliminary determinations.

On April 8, 2026, the Magistrate Judge issued a text order granting Taylor-Marie's motion to join and adopt to the extent that the Court considers all arguments and evidence submitted with Sonia's motion for summary judgment as supporting summary judgment as to all claims against Taylor-Marie. (ECF No. 84.) The same day, the Magistrate Judge also issued a report and recommendation ("Report"), outlining the summary judgment issues and recommending that the Court grant in part and deny in part deny Defendants' motion for summary judgment. (ECF No. 85.) Specifically, the Magistrate Judge recommended that the Court deny the motion as to all claims against Defendants aside

from Plaintiff's fourth cause of action alleging aiding and abetting breach of fiduciary duty against Taylor-Marie.  Thus, the Magistrate Judge recommended that the motion for summary judgment be granted only as to the aiding and abetting breach of fiduciary duty claim against Taylor-Marie.  (ECF No. 85.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's careful and thorough analysis.

2

Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 85), and the Court grants in part and denies in part Defendants' motion for summary judgment (ECF No. 68).  Specifically, the Court grants the motion only as to Plaintiff's fourth cause of action alleging aiding and abetting breach of fiduciary duty against Taylor-Marie, and the Court denies the motion as to all other claims.

IT IS SO ORDERED.

s/Bruce H. Hendricks
United States District Judge

April 28, 2026
Charleston, South Carolina